IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL M. COTTRELL,

       Plaintiff,              No. CIV S-07-2574 GEB EFB P

    vs.

J. COOK, et al.,
                               ORDER AND FINDINGS

       Defendants.          &amp; RECOMMENDATIONS

_____/

Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. On April 2, 2008, the court dismissed plaintiff's complaint with leave to amend. Plaintiff has filed a first amended complaint. He also has filed a superfluous motion requesting leave of the court to file an amended complaint. The April 2 order already gave plaintiff leave to file an amended complaint and the motion is denied as unnecessary.

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable claim under the Eighth amendment against R. K. Wong, J. Cook, R. Plainer, and C. Huston. *See* 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants A. Audette, Roche, D. Christie or D. Jackson based upon any theory. Neither does it state a claim against J. Cook for retaliation.

1

1    Plaintiff may proceed forthwith to serve defendants R. K. Wong, J. Cook, R. Plainer, and

2    C. Huston and pursue his claims against only those defendants or he may delay serving any

3    defendant and attempt [again] to state a cognizable claim against defendants A. Audette and

4    Roche.  The court finds that the claims against D. Christie and D. Jackson must be dismissed

5    with prejudice.

6    Plaintiff alleges that A. Audette retaliated against him and violated his right to procedural

7    due process.  He does not, however, allege how this defendant violated either right.  Instead, he

8    refers the court to about 25 pages of attachments.  The court declines to read through 25 pages of

9    attachments to discern plaintiff's allegations.  It is plaintiff's obligation to allege how he believes

10   his rights have been violated.  *See* Fed. R. Civ. P. 8(b) (to state a claim, a pleading "must contain

11   . . . a short and plain statement of the claim showing that the pleader is entitled to relief").

12   Plaintiff also alleges that J. Cook announced in the presence of other prisoners that plaintiff had

13   been convicted of rape, even though plaintiff never has been convicted of this crime.  Plaintiff

14   asserts that J. Cook did this in retaliation for plaintiff having engaged in conduct that amounted

15   to indecent exposure.  He claims that defendant Roche violated his rights by failing to intervene

16   when his subordinates denied him medical care.  Plaintiff claims that D. Christie and D. Jackson

17   attempted to deny plaintiff access to the administrative appeals process in violation of plaintiff's

18   right to procedural due process.

19   None of the above allegations state a cognizable claim for relief.  As explained,

20   plaintiff's due process and retaliation claims against A. Audette are insufficient under Rule 8.

21   As to his claim that J. Cook retaliated against him, he has not alleged facts sufficient for this

22   court to direct service of process.  In order to state a claim for retaliation, plaintiff must allege

23   that on a specified date an individual state actor took adverse action against plaintiff for his

24   engagement in a constitutionally protected activity and the adverse action chilled plaintiff's

25   exercise of his rights and did not reasonably advance a legitimate penological goal.  *Rhodes v.*

26   *Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005);  *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th

Cir. 1985).  Plaintiff's allegations fail to state a claim.  However, the court has not previously

warned plaintiff that it would not scour attachments to discern his claims.  Neither has it outlined

the standard for stating a claim of retaliation.  Thus, the court finds that it is possible for plaintiff

to cure the deficiencies of these claims.  They therefore are dismissed with leave to amend.

Similar analysis holds for Roche.  As noted above, plaintiff alleges that defendant Roche

failed to intervene on his behalf when a subordinate denied him adequate medical treatment.  To

state a claim that a defendant violated his right to adequate medical care, plaintiff must allege

"acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   The court previously explained that a

prison official is deliberately indifferent when he knows of and disregards a risk of injury or

harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509

U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Moreover, a supervisor is

liable for constitutional violations of his subordinates only if he participated in or directed the

violations, or knew of the violations and failed to act to prevent them, *Taylor v. List,* 880 F.2d

1040, 1045 (9th Cir. 1989), or if he implemented a policy so deficient that the policy itself is a

repudiation of constitutional rights and is the moving force of the constitutional violation,

*Hansen v.  Black*, 885 F.2d 642, 646 (9th Cir.1989).   Plaintiff's allegations against defendant

Roche are inadequate to state a claim for relief.  However, since the court has not previously

explained the elements of a claim for inadequate medical care or the unavailability of the theory

of *respondeat superior*, dismissal of this claim is without prejudice.

Plaintiff's claims that D. Christie and D. Jackson violated due process by interfering with

his use of the administrative appeal system are a different matter, however.  In the initial

screening order, filed April 2, 2008, the court set out clear standards for pleading and for stating

claims under various theories, including the Due Process Clause of the Fourteenth Amendment.

However, the standard bears repeating.  To state a claim for violation of the Due Process Clause

of the Fourteenth Amendment, a plaintiff must allege a defendant denied plaintiff a specific right

protected by the federal constitution without procedures required by the constitution to ensure
fairness, or deliberately abused his power without any reasonable justification in aid of any
government interest or objective and only to oppress in a way that shocks the conscience.
*Sandin v. Connor*, 515 U.S. 472, 483-84 (1995); *Daniels v. Williams*, 474 U.S. 327, 31 (1986);
*Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).  Prisoners have no
federally protected interest in a grievance procedure.  *See Mann v. Adams*, 855 F.2d 639, 640
(9th Cir.), *cert. denied*, 488 U.S. 898 (1988).  Plaintiff was aware of these standards when filing
this complaint.  Amendment cannot cure plaintiff's claims against D. Christie or D. Jackson.
Therefore, they must be dismissed with prejudice.

If plaintiff elects to attempt to amend his complaint cure his deficient claims, he has 30
days so to do.  He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants R. K. Wong, J. Cook, R.
Plainer, and C. Huston, against whom he has stated a cognizable claim for relief, then within 20
days he must return materials for service of process enclosed herewith.  In this event the court
will construe plaintiff's election as consent to dismissal of all claims against defendant A.
Audette and of his retaliation claim against J. Cook without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is
brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true.  It
must contain a request for particular relief.  Plaintiff must identify as a defendant only persons
who personally participated in a substantial way in depriving plaintiff of a federal constitutional
right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
deprivation of a constitutional right if he does an act, participates in another's act or omits to
perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff
contends he was the victim of a conspiracy, he must identify the participants and allege their
agreement to deprive him of a specific federal constitutional right.

////

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include in his amended complaint any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1179-80.  A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be

1  construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff

2  violates the federal rules, once explained, or the court's plain orders.

3       An amended complaint must be complete in itself without reference to any prior

4  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

5  files an amended complaint, the original pleading is superseded.

6       By signing a second amended complaint plaintiff certifies he has made reasonable

7  inquiry and has evidentiary support for his allegations and that for violation of this rule the court

8  may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

9       A prisoner may bring no § 1983 action until he has exhausted such administrative

10  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

11  *v. Churner*, 532 U.S. 731, 741 (2001).  A California prisoner or parolee may appeal "any

12  departmental decision, action, condition, or policy which they can demonstrate as having an

13  adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, *et seq.*  An appeal must

14  be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

15  "action requested."  Therefore, this court ordinarily will review only claims against prison

16  officials within the scope of the problem reported in a CDC form 602 or an interview or claims

17  that were or should have been uncovered in the review promised by the department.  Plaintiff is

18  further admonished that by signing an amended complaint he certifies his claims are warranted

19  by existing law, including the law that he exhaust administrative remedies, and that for violation

20  of this rule plaintiff risks dismissal of his entire action, including his claims against defendants

21  R. K. Wong, J. Cook, R. Plainer, and C. Huston.

22       Accordingly, the court hereby ORDERS that:

23       1.  The April 17, 2008, motion to file an amended complaint is denied as unnecessary.

24       2.  All claims against defendants A. Audette and Roche, and the claim of retaliation

25  against J. Cook are dismissed with leave to amend.  Within 30 days of service of this order,

26  plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.

1    Plaintiff is not obliged to amend his complaint.

2           3.  The allegations in the pleading are sufficient at least to state cognizable claims against

3    defendants R. K. Wong, J. Cook, R. Plainer and C. Huston.  *See* 28 U.S.C. § 1915A.  With this

4    order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading

5    filed April 17, 2008, four USM-285 form and instructions for service of process on defendants

6    R. K. Wong, J. Cook, R. Plainer, and C. Huston.  Within 20 days of service of this order plaintiff

7    may return the attached Notice of Submission of Documents with the completed summons, the

8    completed USM-285 forms, and five copies of the endorsed April 17, 2008, complaint.  The

9    court will transmit them to the United States Marshal for service of process pursuant to Fed. R.

10   Civ. P. 4.  Defendants R. K. Wong, J. Cook, R. Plainer, and C. Huston will be required to

11   respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this

12   event, the court will construe plaintiff's election to proceed forthwith as consent to an order

13   dismissing his defective claims against defendants A. Audette and Roche without prejudice.

14          It further is RECOMMENDED that plaintiff's claims that D. Christie and D. Jackson

15   violated his right to due process be dismissed without leave to amend.  *See* 28 U.S.C. § 1915A;

16   *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding

17   without counsel must be given leave to file amended complaint unless the court can rule out any

18   possibility that the plaintiff could state a claim).

19          These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after

21   being served with these findings and recommendations, any party may file written objections

22   with the court and serve a copy on all parties.  Such a document should be captioned "Objections

23   to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

24   ////

25   ////

26   ////

1   specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

2   F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:   May 28, 2008.

4

5                                        EDMUND F. BRENNAN
                                         UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL M. COTTRELL,

11            Plaintiff,               No. CIV S-07-2574 GEB EFB P

12        vs.

13   R. K. WONG, et al.,

14            Defendants.        NOTICE OF SUBMISSION OF DOCUMENTS

15   _____/

16        Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              __1__          completed summons form

19              __4__          completed forms USM-285

20              __5__          copies of the __April 17, 2008__
                                             First Amended Complaint
21

22   Dated:

23                              _____
                                            Plaintiff
24

25

26