IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL M. COTTRELL,

     Plaintiff,                    No. CIV S-07-2574 GEB EFB P

     vs.

R.K. WONG, et al.,

     Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On May 24, 2010, he filed a document entitled "Declaration for Entry of Default." Plaintiff asks the court to enter a default judgment against defendant C. Huston. According to plaintiff, Huston was served with the complaint on August 11, 2008, but failed to respond within twenty days.

     The court has reviewed the docket for the action, which reveals that, as of October 6, 2008, plaintiff communicated to the court that he was unsure of whether defendant Huston had been served. Dckt. Nos. 37, 38. Nothing on the Court's docket indicates service on defendant Huston prior to that time. On October 3, 2008, the other defendants (Wong, Cook, and Plainer) moved for an extension of time to respond to the complaint. Dckt. No. 35. The court granted defendants a thirty-day extension from October 8, 2008. Dckt. No. 39. All defendants,

including Huston, then moved to dismiss the complaint on November 7, 2008. Dckt. No. 42. In denying the motion in part as to defendant Huston, the court ordered her to answer the complaint within thirty days from December 22, 2009. Dckt. No. 54. Huston timely sought clarification of the Court's order, which the Court construed as a motion for an extension of time. Dckt. Nos. 55, 57. The Court gave defendant Huston thirty days from April 21, 2010 to answer the complaint, which Huston did on May 21, 2010. Dckt. Nos. 57, 58. Accordingly, the Court finds that defendant Huston has not "failed to plead or otherwise defend" the action and that entry of default judgment against her is not appropriate. Fed. R. Civ. P. 55(a) (stating that default judgment may be entered against a party who has "failed to plead or otherwise defend").

Accordingly, it is HEREBY RECOMMENDED that plaintiff's May 24, 2010 "Declaration for Entry of Default," construed as a motion for default judgment, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE