IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL M. COTTRELL,

    Plaintiff,                    No. CIV S-07-2574 GEB EFB P

    vs.

R.K. WONG, et al.,

    Defendants.             ORDER

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pursuant to Fed. R. Civ. P. 37(a)(3)(B), defendant moves to compel plaintiff to respond to interrogatories and requests for production of documents. Dckt. No. 67. Plaintiff has not filed an opposition to defendant's motion to compel.

    Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence. *Id.* The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). A

1

party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties.  Fed. R. Civ. P. 26(e)(2).

A party may, without leave of court or written stipulation, serve upon any party no more than 25 written interrogatories.  Fed. R. Civ. P. 33(a).  Absent an order or stipulation extending time, the receiving party has 30 days to answer each interrogatory fully in writing under oath unless there is an objection, in which case the party must state the reason therefor and answer portions of the interrogatory to which no objection is made.  Fed. R. Civ. P. 33(b).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor.  Fed. R. Civ. P. 34(b).

A party may move for an order compelling discovery with respect to objections or other failure to respond to interrogatories or requests to produce documents.  Fed. R. Civ. P. 37(a)(2)(B), 33(b)(5),  34(b).

Here, defendant has submitted a declaration of counsel attesting that she propounded one set of requests for production of documents and one set of interrogatories, served on plaintiff at his address of record on July 14, 2010.  Plaintiff did not respond to these discovery requests as was his obligation under the Federal Rules of Civil Procedure.  He has also failed to respond to defendant's motion to compel his discovery responses.  The court deems plaintiff's failure to oppose the motion as a waiver of opposition under Local Rule 78-230(l):

> Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21),days after the date of service of the motion.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  Failure of the responding party to file an opposition or to file

2

a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

*Id*. Furthermore, the court informs plaintiff that a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order, the Federal Rules of Civil Procedure, or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed). In light of plaintiff's complete failure to respond to defendant's discovery requests as required by the Federal Rules of Civil Procedure, the motion to compel is granted, and plaintiff shall respond to defendant's July 14, 2010 discovery requests within 30 days of the date of this order. Failure to comply with this order will result in a recommendation that this action be dismissed.

Defendant further seeks two extensions of time. First, defendant requests 30 days from the receipt of plaintiff's discovery responses to take plaintiff's deposition and file any further motions to compel. Second, defendant requests that the court vacate the dispositive motion deadline, currently set at January 4, 2011, and reset it at an "appropriate" time. The court finds that plaintiff's failure to respond to defendant's written discovery requests is good cause for modifying the schedule. Fed. R. Civ. P. 16(b)(4). Accordingly, defendant is granted 30 days from the earlier of (1) service of plaintiff's discovery responses or (2) the deadline provided herein for plaintiff to serve those responses to take plaintiff's deposition and file any further motions to compel. The court will further modify the scheduling order to reset the dispositive motion deadline to April 18, 2011.

Accordingly, it is ORDERED that:

1. Defendant's September 30, 2010 Motion to Compel (Dckt. No. 67) is granted, and plaintiff shall have 30 days from the date of this order to respond to defendant's July 14, 2010 requests for production and interrogatories;

2. Defendant's requests are granted as follows:

    a. Defendant shall have 30 days from the earlier of service of plaintiff's discovery responses or the deadline provided herein for plaintiff to serve those responses to take plaintiff's deposition and file any further motions to compel; and

    b. The parties shall have until April 18, 2011 to file and serve dispositive motions.

Dated: February 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4